NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 30 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JENNIFER CHRISTINA SEEKAMP; SCOTT WESLEY SEEKAMP, <br><br> Petitioners - Appellants, <br><br> v. <br><br> COMMISSIONER OF INTERNAL REVENUE, <br><br> Respondent - Appellee. | No. 25-1375 <br><br> D.C. No. 12334-23L <br><br> MEMORANDUM* |

Appeal from a Decision of the United States Tax Court

Submitted June 30, 2026**

Before: LEE, BUMATAY, and SANCHEZ, Circuit Judges.

Jennifer Christina Seekamp appeals the Tax Court's decision in favor of the

Commissioner of Internal Revenue on her petition challenging (1) a November 16,

2020, IRS notice of deficiency pursuant to 26 U.S.C. § 6212 for the 2017 tax year;

and (2) a July 6, 2023, notice of determination sustaining an IRS proposed levy for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Ms. Seekamp's 2017 tax deficiencies. We have jurisdiction under 26 U.S.C. § 7482(a)(1), and we affirm.

We review *de novo* the Tax Court's dismissal for lack of jurisdiction and its conclusions of law and for clear error its factual findings. *Abrams v. Comm'r*, 814 F.2d 1356, 1357 (9th Cir. 1987) (per curiam); *DJB Holding Corp. v. Comm'r*, 803 F.3d 1014, 1022 (9th Cir. 2015). A determination of whether a notice of deficiency was mailed to a taxpayer's last known address is reviewed for clear error. *King v. Comm'r*, 857 F.2d 676, 678-79 (9th Cir. 1988).

1. <u>Notice of Deficiency.</u> The Tax Court did not err in holding that it lacked subject matter jurisdiction to review the notice of deficiency. When the Commissioner "determines that there is a deficiency in respect of any tax," he is authorized by I.R.C. § 6212 to "send notice of such deficiency to the taxpayer by certified mail" to that taxpayer's "last known address." *See* I.R.C. § 6212(a), (b)(1). To challenge the Commissioner's deficiency determination, the taxpayer must file a petition in the Tax Court "[w]ithin 90 days . . .  after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day)" or, if later, by "the last date specified for filing such petition . . . in the notice of deficiency." *Id.* § 6213(a).

Seekamp failed to timely petition the Tax Court for review of the notice of deficiency, thus depriving it of subject matter jurisdiction. The petition-filing

deadline in *id.* § 6213(a) is a jurisdictional limitation. *Organic Cannabis Found., LLC v. Comm'r*, 962 F.3d 1082, 1092 (9th Cir. 2020) (holding *id.* § 6213(a)'s deadline to petition the Tax Court is jurisdictional). Here, the notice of deficiency was mailed to Seekamp on November 16, 2020 at her last known address. That notice of deficiency stated that the last date to petition the Tax Court was February 16, 2021. Seekamp electronically filed on August 5, 2023—almost two-and-a-half years after the statutory deadline. Accordingly, because the petition was untimely, the Tax Court properly dismissed it for lack of jurisdiction.

2. Notice of Determination. The Tax Court did not err in upholding the notice of determination in which the IRS Office of Appeals ("Appeals"), in a hearing under *id.* § 6330, upheld a levy to collect Seekamp's unpaid tax liabilities for 2017. The Commissioner's determination of a tax deficiency "is presumed to be correct," and "[t]he burden of proof is thus placed upon the taxpayer to show that the Commissioner's determination is invalid." *Est. of Mitchell v. Comm'r*, 250 F.3d 696, 701-02 (9th Cir. 2001) (citation omitted). When a taxpayer fails to pay a federal tax liability after notice and demand, *see id.* § 6303(a), a lien in favor of the United States arises upon all the taxpayer's property and rights to property, *id.* § 6321, and the IRS may collect the tax by levy, *id.* § 6331(a). Section 6330 provides certain procedural safeguards for taxpayers for tax collection efforts. If a timely request is made, the taxpayer is entitled to a hearing before an impartial officer of the Appeals,

*id.* § 6330(b), and the IRS cannot pursue the proposed levy until the proceeding, and any judicial review of that proceeding, is completed. *Id.* § 6330(e)(1).

Here, the Commissioner determined that Seekamp is liable for a deficiency of $31,349 for her 2017 tax year based on an information return (*i.e.*, Form W-2) from her employer, Regence, showing that she was paid wages, tips, or other compensation totaling $147,426 in 2017. With the burden of proof then shifted to her, Seekamp did not dispute that she received $147,426 in exchange for services she provided to Regence in 2017, much less produce evidence showing that she did not receive that amount or explain why compensation in excess of $147,000 did not give rise to a filing obligation for 2017. Rather, she stated that she had worked for Regence for the entire year of 2017 and was paid biweekly but could not recall how much she had received from Regence that year. That assertion was properly discounted by the Tax Court as incredible. Accordingly, the Tax Court did not err in holding that the deficiency determined for 2017 had been properly assessed against Seekamp.

The Tax Court also did not err in concluding that Appeals did not abuse its discretion in its verification that the requirements of applicable law and administrative procedure had been met. At a § 6330 hearing, the Appeals Officer conducting the hearing must "obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met"

25-1375

regarding the proposed collection action, *id.* § 6330(c)(1), and the taxpayer may raise "any relevant issue relating to the unpaid tax or the proposed levy," including collection alternatives such as an offer in compromise, *id.* § 6330(c)(2)(A).

Here, the records show that the Appeals Officers satisfied the verification requirements in I.R.C. § 6330. *See id.* § 6330(c)(1), (3)(A). Appeals verified that applicable law and administrative procedure had been followed in making the assessment. The record shows that the Settlement Officer reviewed case materials, IRS computer systems, and IRS records, and verified that (i) she had no prior involvement with Seekamp for the types of taxes and tax years at issue; (ii) assessments were properly made for the 2017 tax period listed on the Collection Due Process notice, as required by *id.* § 6201; (iii) the notice and demand for payment was mailed to Seekamp's last known address, within 60 days of the assessments, as required by *id.* § 6303; and (iv) that there was a balance due when the levy notice was issued. And because Seekamp had proposed no collection alternatives, Appeals appropriately determined that the proposed levy reflected an appropriate balance between the need for the efficient collection of taxes and the legitimate concern that any collection action be no more intrusive than necessary. *See id.* § 6330(c)(3)(C). The Tax Court thus properly upheld the notice of determination.

**AFFIRMED.**

25-1375